```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```
In re:

JOHN ETHAN RAHL,                                    Case No. 96-12875
                                                    Chapter 13
                    Debtor.

**JOHN RAHL**,

                **Appellant**,

        **v.**                                    **1:03-CV-941**

**CITY OF KINGSTON and ULSTER COUNTY**,

                **Appellees.**

## OPINION and ORDER

John Rahl, pro se, appeals from orders of the Bankruptcy Court (Littlefield, J.) dismissing his Chapter 13 bankruptcy case for infeasibility and unreasonable delay, and dismissing his pending adversary case as a result of the dismissal of his underlying bankruptcy case.  For the reasons that follow, the appeal is **dismissed** and the case remanded to the Bankruptcy Court.

## Background

Rahl filed a voluntary petition for relief from bankruptcy under chapter 13 on May 31, 1996.  *See In re Rahl*, No. 96-12875 (Bankr. N.D.N.Y. filed May 31, 1996).  On December 10, 1999 he commenced an adversary proceeding against the Ulster County Treasurer, the New York State Office of Real Property Services,

the City of Kingston Assessor, the Town of Ulster Assessor, and the Town of Rosendale Assessor, seeking property tax relief.  *See Rahl v. Ulster Co. Treasurer*, No. 99-91320 (Bankr. N.D.N.Y. filed Dec. 10, 1999).

On May 29, 2003 the Chapter 13 Standing Trustee moved to dismiss Rahl's bankruptcy case for infeasibility and delay prejudicial to creditors, pursuant to 11 U.S.C. § 1307(c).  *See In re Rahl*, Trustee's Notice of Mot. to Dismiss (Doc. 268).  Over Rahl's objection, the Bankruptcy Judge granted the motion without prejudice on June 25, 2003.  The court then dismissed the adversary proceeding as moot as a result of the dismissal of the Chapter 13 case.  The Bankruptcy Judge issued written orders to this effect on July 14, 2003.  *See In re Rahl*, Order Dismissing Case Without Prejudice (Doc. 275); *Rahl v. Ulster Co. Treasurer*, Order Dismissing Adversary (Doc. 45).  Rahl submitted notices of appeal of the dismissal of his Chapter 13 case and of the adversary proceeding on July 10, 2003.  *See In re Rahl* (Doc. 278); *Rahl v. Ulster Co. Treasurer* (Doc. 47).

The appeal of the dismissal of the adversary proceeding received docket number 5:03-cv-925.  The appeal of the dismissal of the bankruptcy case received docket number 1:03-cv-941.  The Clerk of the Bankruptcy Court filed Certificates of Non-Compliance with Bankruptcy Rule 8006 in both dockets.  Accordingly, in both cases the District Court issued orders to

show cause why the appeals should not be dismissed.  *See Rahl v. City of Kingston*, Order to Show Cause dated July 31, 2003 (Doc. 2); *Rahl v. Ulster Co. Treasurer*, Order to Show Cause dated September 4, 2003 (Doc. 2).  Rahl failed to appear at the first show cause hearing on September 3, 2003, and the Court (Mordue, J.) dismissed the appeal in docket 1:03-cv-941 on September 8, 2003.  Rahl failed to appear at the second show cause hearing on October 3, 2003, and the Court (Scullin, J.) dismissed the appeal in docket 5:03-cv-925 on October 6, 2003.

On September 12, 2003 the Court in docket no. 1:03-cv-941 received a letter from Rahl, requesting an extension of time to comply with Rule 8006, explaining that he had not received notice of the show cause order because the clerk's office used an incorrect address, and that he had not been able to comply with Rule 8006 because the transcript had not been available.  In view of these and other circumstances amounting to excusable neglect, the Court vacated its order of dismissal in docket no. 1:03-cv-941 and extended the deadline for compliance with Fed. R. Bankr. P. 8006 on the condition that Rahl serve and file all papers required by Rule 8006.  *See Rahl v. City of Kingston*, Mem.-Decision & Order dated August 6, 2004 (Doc. 14).  At Rahl's request, the Court extended the deadline again, to September 28, 2004.  *See id.* (Doc. 15).

Before the appeal in docket no. 1:03-cv-941 was reinstated,

the Internal Revenue Service filed a motion to vacate the bankruptcy court's order of dismissal of the Chapter 13 case in order to reclassify its claim from Unsecured Priority to a § 1305 claim.  The Bankruptcy Court granted the motion in an order dated December 19, 2003.  *See In re Rahl*, Order Revoking Dismissal (Doc. 290).  The Chapter 13 Standing Trustee again moved to dismiss Rahl's case for infeasibility and delay prejudicial to creditors on January 7, 2004.  *See id.* (Doc. 291).  In June 2004 however, the Trustee withdrew the motion to dismiss and submitted notice that Rahl had completed payments under his confirmed plan and requested that he be granted a discharge.  *See id.* (Doc. 321).  The Bankruptcy Court issued an order of discharge on June 24, 2004 and a final decree on June 29, 2004, closing Rahl's case.  *See id.* (Docs. 324 & 326).  On June 30, 2004, however, the Bankruptcy Court vacated the final decree, as "filed in error as there are still matters pending in the case," presumably Rahl's request for reinstatement of his appeal.  *See id.* (Doc. 327).

   Rahl filed his brief on September 28, 2004.  The record does not reflect that he served his brief on appellees, nor that he served and filed a designation of the record on appeal and a statement of the issues to be presented, as required by Rule 8006.  Nevertheless, the docket includes a notation that the appeal was reopened based on Rahl's compliance with the Court's orders.

On August 1, 2007 appellee Ulster County moved for leave to file an appellate brief, asserting that Rahl had not served it with a copy of his brief. The Court granted the motion. Ulster County also requested that the Court dismiss the appeal outright for failure to comply with the August 6, 2004 order.

## Discussion

Although the appeal of the adversary proceeding was dismissed by Judge Scullin on October 6, 2003, the parties have been proceeding on the assumption that Judge Mordue's August 6, 2004 order revived the appeal of the dismissal of the adversary proceeding, and not the appeal of the dismissal of the bankruptcy case itself, which was reopened by the Bankruptcy Court on December 19, 2003. The caption in the Court's orders, *Rahl v. City of Kingston*, likely contributed to that impression. Regardless of whether this appeal is directed to the dismissal of the adversary proceeding or the dismissal of the bankruptcy case, however, it must be dismissed for failure to comply with Rule 8006 and the Court's orders of August 6 and August 23, 2004.

"Filing a Designation and Statement is mandatory." *Lynch v. U.S.I.R.S.* (*In re Lynch*), 430 F.3d 600 (2d Cir. 2005) (per curiam). Although Judge Mordue's orders extended appellant's deadline for filing his Designation and Statement upon a finding of excusable neglect, *see* Fed. R. Bankr. P. 9006(b)(1), they did not eliminate the requirement. Rahl was on notice as of the

Court's August 6, 2004 order that failure to comply with Rule 8006 would result in automatic dismissal of his appeal.  That Rahl is proceeding pro se does not excuse his utter failure to follow an unambiguous order of the Court, particularly when he has demonstrated that he has the ability to argue his case using statutes, case law and procedural rules.

For example, opposing Ulster County's letter requesting dismissal, Rahl argued that he timely served his brief, and that the brief was in the form required by Rule 8010.  Opp'n at 2 (Doc. 27).  He quoted a bankruptcy treatise on the requirements of Rule 8006, but offered no explanation for his failure to file the required "designation of the items to be included in the record on appeal and a statement of the issues to be presented."  Fed. R. Bankr. P. 8006.

Rule 8001 of the Federal Rules of Bankruptcy Procedure permits but does not require a district court to dismiss an appeal for "failure to take any step other than timely filing a notice of appeal."  Fed. R. Bankr. P. 8001.  In this Circuit, a district court "should endeavor to explain why it is in the interest of justice to all parties . . . to dismiss a bankruptcy appeal on procedural grounds rather than to continue to the merits of the appeal," and to "consider whether a lesser sanction would be appropriate."  *Harris v. Albany County Office* (*In re Harris*), 464 F.3d 263, 272 (2d Cir. 2006).  A court should also

consider whether counsel exhibited bad faith or a pattern of negligence, prejudice to other parties, and whether the litigant should be given a chance to correct the problem.  *Id.*  And a court will usually "'need to provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct.'"  *Id.* (quoting *English Speaking Union v. Johnson*, 353 F.3d 1013, 1021 (D.C. Cir. 2004)).

Rahl was given a chance to cure his failure to comply with Rule 8006.  He was explicitly instructed to comply with Rule 8006 by a certain deadline that was further extended at his request, and he was on notice that his appeal would be dismissed outright should he fail to comply.  Although there is no hint of bad faith or a pattern of negligence in Rahl's conduct, no lesser sanction than dismissal is appropriate under the circumstances.

Moreover, the relief Rahl seeks in his appeal is a remand to the Bankruptcy Court.  Dismissal of this appeal will not result in prejudice to other parties, but will allow Rahl to move to reinstate his adversary proceeding should he so choose, and to proceed to seek his final decree and discharge from bankruptcy.  In the interest of justice, the efficient resolution of this dispute in the bankruptcy court, and to prevent further delay, the above-captioned appeal is **dismissed**.

Dated at Burlington, in the District of Vermont, this 30th day of January 30, 2008.


                                                /s/ William K. Sessions III
                                                William K. Sessions III[1]
                                                U.S. District Court

---

[1] Sitting by designation in the Northern District of New York.